McDONALD v. JOHN E. OLSON CONST. CO. et al.

(Supreme Court, Appellate Term.    June 29, 1911.)

CONTRACTS (§ 22*)—REQUISITES—ASSUMPTION OF CONTRACT.

Defendant purchased a building in which plaintiff was janitor, having a yearly contract with the grantor. Defendant had notice of the contract, and said that it might keep plaintiff. Plaintiff remained with defendant for a few weeks, until the building was sold; but defendant neither paid him nor entered into any express agreement to do so. *Held*, that defendant did not assume the remainder of plaintiff's contract with the former owner.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 22.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Jeremiah W. McDonald against the John E. Olson Construction Company and another. From a judgment for plaintiff against the first-named defendant, that defendant appeals. Affirmed, on condition.

Argued before SEABURY, GUY, and BIJUR, JJ.

Butts & Vining, for appellant.
Jay C. Guggenheimer, for respondent.

BIJUR, J. The plaintiff sues for damages arising out of a breach of contract of employment. Plaintiff had a yearly contract, terminating September 1, 1910, as a janitor, with the defendant Melcher. A similar contract had been renewed from year to year by plaintiff's continuing in the service of Melcher. On March 25th Melcher sold the building of which plaintiff was janitor to the Olson Construction Company, and on May 5th the Olson Construction Company sold the building to one Osserman, who informed the plaintiff that his services were no longer needed. Suit was then brought by plaintiff against these two defendants for compensation for services rendered during the six weeks while the Olson Construction Company was in possession (which had not been paid) and for the rest of the year up to September 1st.

Upon the trial, plaintiff elected to proceed against the Olson Construction Company. While the proof shows that at about the time of closing title Melcher gave the Olson Construction Company a statement of his expense in the building and informed it of his contract with the plaintiff, the Olson Construction Company did not expressly assume this contract, but merely said generally that they might want to keep the plaintiff. The proof to support an implied acceptance or assumption of the contract with the plaintiff is no stronger. It appeared that the Olson Construction Company knew that there was a janitor in the building, knew that he was there under a yearly contract with the prior owner, knew that he was continuing to render the customary services, but did not pay him or enter into any express agreement with him; and it cannot be said that they assumed the remainder of plaintiff's contract until the following September, by

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

such acts, even coupled with knowledge of the existence of the contract.

As the Olson Construction Company is willing to pay the plaintiff for services rendered during the period of time during which it was the owner of the building, the judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event, unless the plaintiff will stipulate within 10 days to reduce the amount of the judgment to the sum of $102.24 and appropriate costs in the court below, in which event the judgment, as so modified, will be affirmed, without costs upon this appeal. All concur.